**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**JERI E. BUTLER**                                                                                **PLAINTIFF**

**v.**                                        **Case No. 4:25-cv-1316-JM**

**CRESTHAVEN PROPERTY OWNERS'
ASSOCIATION, INC.,** *et al.*                                                      **DEFENDANTS**

## ORDER

Plaintiff Jeri Butler paid the filing fee and brought this *pro se* case on December 22, 2025, alleging a variety of state and federal claims surrounding Faulkner County property. (Doc. 1). Butler sues the City of Conway, the property owners' association (POA) that oversees the bills of assurance by which Butler's property is governed, current and former officers of the POA's board, neighbors, the Cincinnati Insurance Company, the Conway Director of Code Enforcement Spencer Clawson, Faulkner County Circuit Judge Charles Clawson, and Conway's former City Clerk Michael Garrett. (*Id*.). Butler contends that Defendants have subjected her to a "coordinated and prolonged campaign" to interfere with her right to enjoy her property in violation of her due-process and equal-protection rights under 42 U.S.C. §§ 1982-1983, the Fair Housing Act (FHA) under 42 U.S.C. § 3617, and a number of state law contract and tort claims. (*Id*.).

Pending are separate Defendants' Motions to Dismiss (Doc. 5, 23, 28, 32, 35). Butler has responded. (Doc. 8, 37). The motions will be addressed in turn.

**Cincinnati Insurance Company's Motion to Dismiss** – Cincinnati Insurance Company's motion to dismiss (Doc. 5) is GRANTED.

Cincinnati argues that, other than suggesting that it is a potential indemnifier, Butler's Complaint fails to state a claim against it. (Doc 5). In response, Butler expounds on her argument against Cincinnati, attaching its written denial of coverage on a commercial general liability policy.

(Doc. 8). When evaluating whether to dismiss a *pro se* plaintiff's complaint, the Eighth Circuit instructs district courts to consider both the allegations made in a complaint <u>and</u> the allegations in the plaintiff's response to the motion to dismiss. *See Neudecker v. Boisclair Corp.*, 351 F.3d 361, 362 (8th Cir. 2003) (*per curiam*); *Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996); *Pratt v. Corrs. Corp. of Am.*, 124 F. App'x 465, 466 (8th Cir. 2005) (*per curiam*). Here, Cincinnati had an opportunity to reply to Butler's expanded argument and did so, arguing that nowhere in Butler's pleadings does she seek declaratory relief against it "relating to Cincinnati's refusal to make her a settlement offer . . . ." (Doc. 16). The Court agrees. Butler's claims against Cincinnati are dismissed without prejudice.

**<u>Soffos Motion to Dismiss</u>** – Cabe Soffos's and Katy Soffos's motion to dismiss (Doc. 23) is GRANTED.

The Soffoses and Butler are litigating issues surrounding the same property in state court. *See Soffos et al v. Butler*, 23CV-21-709 (Faulkner County) (Docket Sheet). The Soffoses argue that Faulkner County is the appropriate venue to litigate those claims, ask this Court to decline to exercise supplement jurisdiction of Butler's state law claims, and argue that Butler has failed to state a federal claim against them. (Doc. 24). The Court agrees.

Under both 42 U.S.C. § 1982 and the FHA, 42 U.S.C. § 3601, racial discrimination and interference in the property rights of nonwhite citizens is unlawful. Butler has not alleged facts to support a claim that she was treated differently because of her race or because of any other discrete class. In order to state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). The Soffoses are private actors. Butler's allegations that the Soffoses conspired with government actors is

2

conclusorily pleaded. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). Butler's federal claims against Cabe Soffos and Katy Soffos are dismissed without prejudice. The Court declines to exercise supplemental jurisdiction over Butler's state law claims against the Soffoses. *See* 28 U.S.C. § 1367(c)(3).

**POA and Board Members Motion to Dismiss** – The Cresthaven Property Owners' Association, Inc., Bryan Lin, Jim Dunbar, Amy Sprague, James Fortner, Tracy Howell, and Christina Porter's motion to dismiss (Doc. 28) is GRANTED.

As set out in the previous section and for the reasons articulated in Defendants' brief in support (Doc. 31), Butler's federal claims against them are dismissed without prejudice. Her § 1983 claims fail as a matter of law. The POA is not a person subject to suit under § 1983, and the individual members are all private actors. *Sullivan*, 526 U.S. at 49–50. Likewise, because Butler has failed to argue that she is a member of a protected class, her § 1982 and FHA claims also fail as a matter of law. As a result, the Court dismisses without prejudice Butler's federal claims against these Defendants and declines to exercise supplemental jurisdiction over Butler's state law claims against them. *See* 28 U.S.C. § 1367(c)(3).

**Judge Charles Clawson's Motion to Dismiss** – Judge Clawson's motions to dismiss (Doc. 32 & 35) are DENIED.

Relying on 42 U.S.C. § 1983, Butler alleges that Judge Clawson improperly presided over her state litigation although his brother was Conway's Director of Code Enforcement, issued her an administrative jury summons outside of normal procedures after she filed a Freedom of Information Act Claim with the City, and excluded her from a hearing. Judge Clawson argues that he is entitled to judicial immunity and contends that Butler's allegations against him are conclusorily pleaded. (Doc. 36). Based on the facts alleged, the Court finds Butler has made a

plausibly § 1983 claim against Judge Clawson. Whether judicial immunity principles governed Judge Clawson's actions is denied without prejudice to reconsideration.

**Remaining Claims and Defendants** – For the reasons articulated above, the Court *sua sponte* dismisses Butler's §1983 equal protection claims and FHA claims made against the City of Conway and Spencer Clawson, the lone defendants for which these claims remained. (Doc. 1 at 19, 23).

The City of Conway, Spencer Clawson, and Michael Garrett have answered. (Doc. 26). Butler's § 1983 retaliation and due process claims against the City, Spencer Clawson, and Judge Clawson will proceed. (Doc. 1 at 17). The Court accepts supplemental jurisdiction over Butler's individual capacity claims that the City of Conway, Michael Garrett, and Spencer Clawson violated the Arkansas Freedom of Information Act. (Doc. 1 at 30).

A scheduling order will issue.

IT IS SO ORDERED this 19th day of March, 2026.

_____
UNITED STATES DISTRICT JUDGE